## Ex Parte Valdés.

### Appeal from the District Court of Humacao.

No. 1.—Decided June 8, 1905.

Lawyers—Disciplinary Correction—Punishment.—Lawyers may be punished when in the practice of their profession they fail to show due respect to the judges and courts, the imposition of the punishment being left to the discretion of the court in accordance with the provisions of section 448 of the Law of Civil Procedure.

## STATEMENT OF THE CASE.

These proceedings were instituted in the former District Court of Humacao, by Cayetano Artenio, María and Julia del Carmen Aponte y Maimí, and concerned the declaration of the intestate heirs of Cándida Maimí, and an incidental issue raised by Attorney Ulpiano Valdés Cajas for a hearing to obtain justice against the disciplinary punishment imposed upon him by the said district court, which proceedings are pending before us by virtue of an appeal taken by said attorney from the judgment rendered by said district court on October 9, 1903, which reads as follows:

"*Judgment.*—In the city of Humacao, October 9, 1903. A hearing has been had of this incidental issue raised by Attorney Ulpiano Valdéz Cajas, praying that in justice he be heard and that the punishment imposed upon him by order of August 22d last be set aside.

"1. On July 14th last, Attorney Ulpiano Valdés y Cajas instituted proceedings for a declaration of the heirs of Sebastián Aponte Rotger, in favor of Cayetano Artenio, María and Julia del Carmen Aponte y Maimí.

"2. On August 17th last an order issued denying the declaration of heirs prayed for.

"3. On the 21st of the same month, said Attorney Valdés filed a petition for a reconsideration of said order setting forth the violations of law which had been committed in said order, and making the following statements in addition: 'The Civil Code, which saw the light in 1890, in force at the time of the death of Mrs. Maimí, which occurred in 1882. How strange that it was in force eight years before its promulgation! I candidly confess, and have no hesitation in doing so, that I did not know this, nor was it taught me in the halls of the University of Madrid where, in 1893, I took a course in civil law under that learned teacher, the glory of the Spanish faculty of instruction, Agosto Comas. I have had to come to Humacao to learn what I was ignorant of, first as a student, and afterwards in the practice of my profession. "Forewarned is forearmed," says the adage; for this reason I have not perished in the war which has been declared against me. The undersigned attorney knew that although the proceedings had been instituted in accordance with the law, although the *fiscal* of this court and district—an intelligent man of sound judg-

ment, honest and just—had reported to the effect that he did not oppose their approval, I knew, I repeat, that the court would deny the petition, even though in order to do so it would have to resort to a pretext as unfounded as it is incorrect, such as to suppose the code of 1890, in force in 1882, and the attorney is not surprised that the petition was denied by the court, because he expected it. Is it perhaps because as an honorable attorney, giving proof of independence of character and that he is incapable of flattery and duplicity, some days ago he sued this same court which now renders a judgment so out of place?'

"By order of the 22nd of the same month, in view of the principles of law advanced in said petition, the order appealed from was set aside and the persons interested were declared to be the heirs. In addition, Mr. Valdés was suspended for one month from the practice of the profession of law, as a disciplinary punishment because of his statements, and his disrespectful, offensive and insulting language to the court.

"5. Upon the petition of the attorney disciplined, he was in justice, heard, the *fiscal* being given an opportunity to be heard in the proceedings.

"6. At the hearing Mr. Valdés appeared in person, but did not give any convincing reasons nor excuses for his conduct, nor did he express a desire to withdraw the phrases, terms or language which were construed as offensive and disrespectful by the court.

"7. The parties having been cited to be present at the rendering of this judgment, it was rendered on the day and at the hour set.

"8. In the prosecution of this incidental issue the legal provisions have been observed.

"Mr. Justice Charles E. Foote delivered the opinion of the court.

"1. Lawyers shall be disciplined when they show in writing a lack of respect due a court, and any of the punishments enumerated in the six cases of article 448 of the Law of Civil Procedure may be imposed, the appreciation of the gravity of the offense being left to the discretion of the court for the imposition of the punishment, as in fact, Attorney Valdés was punished in the first instance by this court by the imposition of a fine.

"2. In the decision of this incidental issue, the court may modify or affirm the punishment, as may be proper.

"In view of the provisions of articles 442, 448, 451, 452, 453 and 454 of the Law of Civil Procedure, we decide that we should sentence and do sentence Attorney Ulpiano Valdés Cajas to be suspended for

one month from the practice of law, thus affirming the disciplinary punishment imposed upon him by order of August 22d of that current year, which gave rise to the prosecution of this incidental issue. It is ordered that this sentence be communicated to the president of the bar association to which the attorney disciplined may belong, and, in due course, that it be recorded in the judgment book of this court.

"Thus, by this our judgment, finally rendered, do we pronounce, order and sign.—Salvador Fulladosa, Ramón Quiñones, Charles E. Foote."

Attorney Ulpiano Valdés Cajas took an appeal from this judgment, which was allowed both for review and a stay of proceedings, and the record having been forwarded to this superior court, the parties were summoned, the appellant entering an appearance. The appeal was perfected and a day was set for the hearing which was had without the attendance of the appellant nor any other attorney to represent him.

*Mr. López Landrón* for appellant.

MR. CHIEF JUSTICE QUIÑONES, after stating the foregoing facts, delivered the opinion of the court.

The findings of fact and conclusions of law of the judgment appealed from are accepted.

We adjudge that we should affirm, and we do affirm, said judgment with the costs against the appellant.

Justices Hernández, Figueras, MacLeary and Wolf concurred.